Defendant Hazel Sanders has appealed her conviction for grand theft from the Summit County Common Pleas Court. This Court affirms.
 I.
On January 4, 1999, Defendant was indicted by the Summit County Grand Jury for deceptively receiving benefits from the Akron Metropolitan Housing Authority (AMHA) from 1991 through December 1998, a violation of R.C. 2913.02(A)(3). Defendant entered a plea of not guilty and the case proceeded to trial. On November 5, 1999, the jury found Defendant guilty, and the trial court sentenced her accordingly. Defendant timely appealed, asserting three assignments of error.
 II. A. Assignment of Error Number One The trial court committed reversible error by excluding Defendant's proffered Exhibit A, AMHA documents (sic) which were signed by [Defendant] and then altered by AMHA without again obtaining [Defendant's] signature on the changed document.
In her first assignment of error, Defendant has asserted that she was prejudiced by the exclusion of an AMHA document from evidence. Specifically, Defendant has argued that the document was relevant in proving that AMHA was biased against her. This Court disagrees.
As a preliminary matter, the admission or exclusion of evidence is a matter committed to the sound discretion of the trial court. State v.Kinley (1995), 72 Ohio St.3d 491, 497. An abuse of discretion is "more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." (Citations omitted.) Statev. Bresson (1990), 51 Ohio St.3d 123, 129.
Evid.R. 401 defines relevant evidence as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Evid.R. 403, however, excludes relevant evidence if "its probative value is substantially outweighed by the danger of unfair prejudice, of confusion of the issues, or of misleading the jury * * * if its probative value is substantially outweighed by considerations of undue delay, or needless presentation of cumulative evidence."
In the case at bar, Defendant attempted to introduce an AMHA document dated June 9, 1999 into evidence, claiming AMHA forged records concerning her files. Defendant offered the document to show that AMHA was biased against her. The trial court excluded the document because it was irrelevant and outside the scope of the indictment. The trial court also determined that the document was highly prejudicial and might mislead the jury in the present case. Based on the foregoing, this Court concludes that the trial court did not abuse its discretion when it excluded the Defendant's exhibit. Defendant's first assignment of error is overruled.
 B. Assignment of Error Number Two The trial court's verdict finding [Defendant] guilty of grand theft is against the manifest weight of the evidence, being unsupported by substantial credible evidence.
 Assignment of Error Number Three The trial court erred by failing or refusing to grant [Defendant's] Rule 29 motion where the weight and sufficiency of the evidence did not support submitting said case to the jury and said conviction was against the manifest weight of the evidence.
In her second and third assignments of error, Defendant has asserted that the evidence presented at trial did not support her conviction for grand theft and that the verdict was against the manifest weight of the evidence. Specifically, Defendant has argued that the state failed to prove that she purposely deprived AMHA of rent money by withholding household income information. This Court disagrees.
Crim.R. 29(A) provides that a trial court "shall order the entry of a judgment of acquittal of one or more offenses charged in the indictment * * * if the evidence is insufficient to sustain a conviction of such offense or offenses."
As an initial matter, evaluations of the sufficiency of the evidence put forth by the state and the weight of the evidence adduced at trial are separate and legally distinct determinations. State v. Gulley (Mar. 15, 2000), Summit App. No. 19600, unreported. To determine whether the evidence before a trial court was sufficient to sustain a conviction, an appellate court must view that evidence in a light most favorable to the prosecution:
 An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.
State v. Jenks (1991), 61 Ohio St.3d 259, paragraph two of the syllabus; see, also, State v. Thompkins (1997), 78 Ohio St.3d 380, 386
("`[S]ufficiency' is a term of art meaning that legal standard which is applied to determine whether the case may go to the jury or whether the evidence is legally sufficient to support the jury verdict as a matter of law").
While the test for sufficiency requires a determination of whether the state has met its burden of production at trial, a manifest weight challenge questions whether the state has met its burden of persuasion.Id. at 390 (Cook, J., concurring). In determining whether the state has met its burden of persuasion, a reviewing court does not view the evidence in the light most favorable to the state. Gulley, supra. Instead, a reviewing court must:
 review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.
State v. Otten (1986), 33 Ohio App.3d 339, 340. A new trial is warranted only in the exceptional case where the evidence weighs heavily in favor of the defendant. Id.
R.C. 2913.02(A) provides:
 No person, with purpose to deprive the owner of property or services, shall knowingly obtain or exert control over either the property or services in any of the following ways:
 * * *
(3) By deception[.]
"If the value of the property or services stolen is five thousand dollars or more and is less than one hundred thousand dollars, * * * a violation of this section is grand theft[.]" R.C. 2913.02(B).
It is undisputed in the instant case that Defendant resided in subsidized housing during 1991 through 1998, the time period stated in the indictment. Moreover, neither party contested the fact that Defendant accurately reported her individual income during the time period in question. Rather, the dispute hinges upon whether Defendant knowingly failed to report the household income of her daughter, Veronica Sanders.
At trial, Ruth Sharp, an AMHA employee during 1991-1997, testified that the amount of rent to be paid by each resident is dependent upon the amount of income of the entire household. Mrs. Sharp further stated that the head of the household receives the benefits from AMHA and is obligated to report all changes in household income to AMHA. Each year the head of the household would meet with AMHA for recertification. During this meeting the head of the household is asked if there have been any changes in the household income. The head of the household must sign a certification statement, certifying the information provided to AMHA. The members of the household who are employed must also sign a wage verification form so AMHA may verify the household income.
Mrs. Sharp identified Defendant as the head of her household during the time period of the indictment. The state also introduced a lease signed by Defendant, which listed her as the tenant and her daughter Veronica as a household member. The lease that Defendant signed indicated that the tenant must "* * * report in writing immediately to [AMHA] any increase in income by [Defendant] or persons residing within the leased unit and to submit when requested a certified statement in such form as [AMHA] may request * * * [.]" Mrs. Sharp testified that there was one occasion where Defendant reported a decrease in her daughter's income, which would decrease the amount of rent.
Cresanne Sollenberger, a supervisor at the local Social Security Administration office (SSA), was called as a witness to verify records that are kept in the regular course of business. Ms. Sollenberger testified that the records are identified by an individual's social security number. Next, Sergeant James Phister from the Akron Police Department testified that he works part-time for AMHA. He stated that he investigates claims of fraud by comparing the SSA records to the records of AMHA. When Sergeant Phister compared the records for Defendant and her daughter, he noticed a discrepancy. He met with Defendant and her daughter to discuss his findings during December 1998. Sergeant Phister testified that Defendant's daughter admitted that she worked during 1991 through 1998. Defendant also acknowledged that her daughter was employed during the relevant time period. Based on his investigation of the unreported household income, Sergeant Phister testified that the total difference between the rent that Defendant paid and the rent that Defendant should have paid to AMHA was $16,794. Sergeant Phister stated that Defendant failed to report where and when her daughter was employed to AMHA. If Defendant would have reported her daughter's employment, AMHA would have sent her daughter an employment verification form.
Defendant was the sole witness to testify on her behalf. She acknowledged the responsibility as head of the household of reporting any changes to her income and the income of other household members. Defendant testified that her daughter should have signed the wage verification forms and the Department of Human Services should have notified AMHA of her daughter's employment.
After thoroughly reviewing the record, this Court concludes that a rational trier of fact could have found that Defendant committed grand theft. The evaluation of the weight to be given to the evidence and evaluation of the credibility of the witnesses are functions primarily reserved for the trier of the fact. The evidence established that Defendant was the head of the household and had the responsibility of reporting her income and the income of her daughter. The SSA records showed that Defendant's daughter was working during the time period of the indictment. A comparison of the AMHA records to the SSA records revealed that Defendant did not report all of the household income. Lastly, Defendant acknowledged the fact that her daughter was employed during the relevant time period. In light of the foregoing, this Court concludes that the jury did not lose its way in finding Defendant guilty of grand theft. Indeed, this is not a case where the evidence weighs heavily in Defendant's favor. Defendant's second and third assignments of error are overruled.
 III.
Defendant's assignments of error are overruled. The judgment of the trial court is affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the County of Summit, Court of Common Pleas, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to appellant.
 ______________ CARR, Judge
BATCHELDER, P. J., BAIRD, J. CONCUR